UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| Carrington Mortgage Services, LLC | |
|---|---|
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>27 Milliken Road, Scarborough, ME 04074 |
| Roxane M. Gionest | Mortgage:<br>11/07/2008 |
| **Defendant** | Book 26457, Page 106 |

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Roxane M. Gionest, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by Carrington Mortgage Services, LLC, in which the Defendant is the obligor and the total amount owed under the terms of the Note is one hundred eighty-one thousand, six hundred thirty-two and 00/100 ($181,632.00) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Carrington Mortgage Services, LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, California 92806

5. The Defendant, Roxane M. Gionest, is a resident of Scarborough, County of Cumberland and State of Maine.

## FACTS

6. On November 7, 2008, by virtue of a Warranty Deed from Paul A. Ouellette and Barbara J. Ouellette, which is recorded in the Cumberland County Registry of Deeds in **Book 26457, Page 104**, the property situated at 27 Milliken Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, Roxane M. Gionest, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 7, 2008, the Defendant, Roxane M. Gionest, executed and delivered to Taylor, Bean & Whitaker Mortgage Co. a certain Note in the amount of $181,632.00 (herein after referred to as the "Note"). *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 7, 2008, the Defendant, Roxane M. Gionest, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 27 Milliken Road, Scarborough, ME 04074 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 26457, Page 106.** *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated August 27, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 28938, Page 266**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Carrington Mortgage Services, LLC by virtue of an Assignment of Mortgage dated July 2, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32444, Page 231**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The transfer of all the rights contained in the Mortgage to the Plaintiff is further ratified and confirmed by the Quitclaim Assignment dated June 17, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33244, Page 68**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. On January 5, 2012, the Defendant, Roxane M. Gionest, executed a Loan Modification Agreement which increased the principal amount of the Note to $184,639.44 (herein after referred to as the "Loan Modification"). *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. On July 22, 2016, the Defendant, Roxane M. Gionest, was sent a Notice of Mortgagor's Right to Cure, which was received on or about July 25, 2016. *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Roxane M. Gionest, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

15. The Defendant, Roxane M. Gionest, has failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Carrington Mortgage Services, LLC, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Carrington Mortgage Services, LLC, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of October 31, 2016, if no payments are made, is two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, which includes unpaid principal in the amount of one hundred eighty-seven thousand, three hundred six and 31/100 ($187,306.31) dollars; interest due in the amount of thirty-four thousand, eight hundred thirteen and 48/100 ($34,813.48) dollars; escrow balance in the amount of eight thousand, nine hundred thirty and 23/100 ($8,930.23) dollars; corporate advance in the amount of one hundred eighty-five and 00/100 ($185.00)

dollars; expense advance in the amount of sixty and 00/100 ($60.00); and unapplied/suspense costs in the amount of seventy-six and 00/100 ($-76.51) dollars.

19. Upon information and belief, the Defendant is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, Carrington Mortgage Services, LLC, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 27 Milliken Road, Scarborough, County of Cumberland, and State of Maine. *See* Exhibit A.

22. The Plaintiff, Carrington Mortgage Services, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

23. The Plaintiff, Carrington Mortgage Services, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Roxane M. Gionest, is presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2014, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of October 31, 2016, if no payments are made, is two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, which includes unpaid principal in the amount of one hundred eighty-seven thousand, three hundred six and 31/100 ($187,306.31) dollars; interest due in the amount of thirty-four thousand, eight hundred thirteen and 48/100 ($34,813.48) dollars;

escrow balance in the amount of eight thousand, nine hundred thirty and 23/100 ($8,930.23) dollars; corporate advance in the amount of one hundred eighty-five and 00/100 ($185.00) dollars; expense advance in the amount of sixty and 00/100 ($60.00); and unapplied/suspense costs in the amount of seventy-six and 00/100 ($-76.51) dollars.

26. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Roxane M. Gionest, on July 22, 2016, and received on or about July 25, 2016.  *See* Exhibit H.

29. The Defendant, Roxane M. Gionest, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On November 7, 2008, the Defendant, Roxane M. Gionest, executed and delivered to Taylor, Bean & Whitaker Mortgage Co. a certain Note in the amount of $181,632.00.  *See* Exhibit B.

32. The Defendant, Roxane M. Gionest, is in default for failure to properly tender the January 1, 2014 payment and all subsequent payments.  *See* Exhibit G

33. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Roxane M. Gionest.

34. The Defendant, Roxane M. Gionest, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

35. The Defendant, Roxane M. Gionest's, breach is knowing, willful, and continuing.

36. The Defendant, Roxane M. Gionest's, breach has caused the Plaintiff, Carrington Mortgage Services, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of October 31, 2016, if no payments are made, is two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, which includes unpaid principal in the amount of one hundred eighty-seven thousand, three hundred six and 31/100 ($187,306.31) dollars; interest due in the amount of thirty-four thousand, eight hundred thirteen and 48/100 ($34,813.48) dollars; escrow balance in the amount of eight thousand, nine hundred thirty and 23/100 ($8,930.23) dollars; corporate advance in the amount of one hundred eighty-five and 00/100 ($185.00) dollars; expense advance in the amount of sixty and 00/100 ($60.00); and unapplied/suspense costs in the amount of seventy-six and 00/100 ($-76.51) dollars.

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant, Roxane M. Gionest, entered into a written contract with Taylor, Bean & Whitaker Mortgage Co. who agreed to loan the amount of $181,632.00 to the Defendant.  *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Roxane M. Gionest, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, Carrington Mortgage Services, LLC is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Co., and has performed its obligations under the Note and Mortgage.

43. The Defendant Roxane M. Gionest has breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2014, payment and all subsequent payments. *See* Exhibit H.

44. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Roxane M. Gionest.

45. The Defendant, Defendant, Roxane M. Gionest, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

46. The Defendant, Roxane M. Gionest, is indebted to Carrington Mortgage Services, LLC in the sum of two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, for money lent by the Plaintiff, Carrington Mortgage Services, LLC, to the Defendant, Roxane M. Gionest.

47. The Defendant Roxane M. Gionest's breach is knowing, willful, and continuing.

48. The Defendant Roxane M. Gionest's breach has caused Plaintiff Carrington Mortgage Services, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of October 31, 2016, if no payments are made, is two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, which includes unpaid principal in the amount of one hundred eighty-seven thousand, three hundred six and 31/100 ($187,306.31) dollars; interest due in the amount of thirty-four thousand, eight hundred thirteen and 48/100 ($34,813.48) dollars; escrow balance in the amount of eight thousand, nine hundred thirty and 23/100 ($8,930.23) dollars; corporate advance in the amount of one hundred eighty-five and 00/100 ($185.00) dollars; expense advance in the amount of sixty and 00/100 ($60.00); and unapplied/suspense costs in the amount of seventy-six and 00/100 ($-76.51) dollars.

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, Carrington Mortgage Services, LLC repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Taylor, Bean & Whitaker Mortgage Co., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned the Defendant, Roxane M. Gionest, $181,632.00.  *See* Exhibit B.

53. The Defendant Roxane M. Gionest is in default for failure to properly tender the January 1, 2014 payment and all subsequent payments.  *See* Exhibit H

54. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Roxane M. Gionest, has been unjustly enriched at the expense of the Plaintiff, Carrington Mortgage Services, LLC.

55. As such, the Plaintiff, Carrington Mortgage Services, LLC is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

56. Carrington Mortgage Services, LLC repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Taylor, Bean & Whitaker Mortgage Co., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned Defendant, Roxane M. Gionest, $181,632.00. *See* Exhibit B.

58. The Defendant, Roxane M. Gionest, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendant, Roxane M. Gionest has been unjustly enriched to the detriment of the Plaintiff, Carrington Mortgage Services, LLC as successor-in-interest to Taylor, Bean & Whitaker Mortgage Co. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff Carrington Mortgage Services, LLC is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Carrington Mortgage Services, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant, Roxane M. Gionest, is in breach of the Note by failing to make payment due as of January 1, 2014, and all subsequent payments;

d) Find that the Defendant, Roxane M. Gionest, is in breach of the Mortgage by failing to make payment due as of January 1, 2014, and all subsequent payments;

e) Find that the Defendant, Roxane M. Gionest, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Roxane M. Gionest, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2014 and all subsequent payments;

g) Find that Plaintiff, Carrington Mortgage Services, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Roxane M. Gionest, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff to restitution;

j) Find that the Defendant, Roxane M. Gionest, is liable to the Plaintiff for money had and received;

k) Find that the Defendant, Roxane M. Gionest, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Roxane M. Gionest, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Roxane M. Gionest, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Carrington Mortgage Services, LLC, is entitled to restitution for this benefit from the Defendant, Roxane M. Gionest;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Roxane M. Gionest, and in favor of the Plaintiff, Carrington Mortgage Services, LLC in the amount of two hundred thirty-one thousand, two hundred eighteen and 51/100 ($231,218.51) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

                Respectfully Submitted,
                Carrington Mortgage Services, LLC,
                By its attorneys,

Dated:  October 25, 2016

                /s/ John A. Doonan
                John Doonan, Esq. (BBO# 3250)
                Doonan, Graves & Longoria, LLC
                100 Cummings Center
                Suite 225D
                Beverly, MA 01915
                (978) 921-2670