# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:16-cv-00534-NT<br>) |
| ROXANE M. GIONEST, | )<br>) |
| Defendant. | ) |

## ORDER AWARDING ATTORNEY'S FEES

On February 6, 2019, I sanctioned the Plaintiff, Carrington Mortgage Services, LLC ("Carrington Mortgage"), and ordered Carrington Mortgage to pay Defendant Roxane Gionest Haynes'[1] reasonable attorney's fees incurred in connection with the judicial settlement conference held on March 9, 2018, and the hearings that followed, encompassing services rendered through February 6, 2019. *See* ECF No. 84. As required by that Order, Haynes filed an attorney's fee affidavit from her attorney, Joseph L. Goodman (ECF No. 85), which states that Haynes' reasonable attorney's fees and expenses total $22,659.20. Thereafter, Carrington Mortgage filed its response in opposition (ECF No. 87), and Haynes then filed a reply (ECF No. 89).

"A reasonable fee typically is determined through the lodestar method, which involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Coutin v. Young*

---

[1] Haynes married after this action was initiated and her married name is not reflected on the docket.

*& Rubicam P.R., Inc.,* 124 F.3d 331, 337 (1st Cir. 1997)). Carrington Mortgage does not question the reasonableness of the hourly rates charged for the services provided by Attorney Goodman and his paralegal or the expenses that he incurred, but does object to the number of hours billed. In arriving at the lodestar, the court "may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case." *Id.*

Carrington Mortgage challenges the lodestar amount of hours set forth in Attorney Goodman's affidavit in two respects. First, Carrington Mortgage objects to billing entries which bill at Attorney Goodman's full hourly rate for court appearances held on March 9, July 24, and October 1, 2018, arguing that they combine travel time and substantive tasks. In her response, Haynes explains that Attorney Goodman's office is a brief walk from the United States Courthouse in Portland and that any time billed for Attorney Goodman's travel was de minimis. I find that the amounts charged for Attorney Goodman's travel time are nominal and, therefore, do not unreasonably inflate the attorney fees sought in this case.

Second, Carrington Mortgage challenges several entries in Attorney Goodman's billing records that employ block billing for certain services. Carrington Mortgage does not, however, challenge the need for, or overall reasonableness of, the services billed on the relevant dates. I have reviewed the relevant billing entries and find that the services encompassed by each block billing entry were largely related and are fairly treated as a single service, as illustrated by the entry for July 23, 2018:

| | |
|---|---|
| Prepared for Show Cause Hearing and Reviewed client's file regarding same. Office conference with client regarding Show Cause hearing. | 325.00/hr 3.00 975.00 |

ECF No. 85-1 at 4. The block description of the services described above is functionally the same as a single entry: for example, "Prepared for show cause hearing, including office conference with client."

In addition, the billing entries provide more than mere generic descriptions such as "'[t]elephone call,' '[r]eview court order,' 'review correspondence,' and 'prepare correspondence,' 'work on brief,' 'review documents' and 'conduct legal research[,]' *Torres-Rivera v. Espada-Cruz*, 2007 WL 906176, *1 (D. P.R. 2007), *vacated on other grounds sub nom. Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331 (1st Cir. 2008), which provide little guidance in assessing the reasonableness of the fee request.[2] Attorney Goodman's entries do not "impede[] the court's ability to evaluate the utility" of the hours spent on various tasks, *ONeill-Cancel*, 524 F.3d at 340, because the entries include "some description of the subject matter of the task[.]" *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994).

Carrington Mortgage also challenges billing entries which consist of multiple similar tasks performed over several months. For example, the entry for the period October 1, 2018 to February 6, 2019 states: "Reviewed (16) e-mails from [paralegal] to Attorney Wagner and client's daughter . . . regarding this matter," for which

---

[2] In *O'Neill-Cancel,* the First Circuit upheld the district court's fifteen percent reduction of a fee request where the attorney's use of generic time entries "failed adequately to describe the tasks for which the time was expended." 524 F.3d at 340.

Attorney Goodman billed 1.00 hour. This entry provides sufficient detail to deduce that both the services provided (i.e., the attorney's review of emails sent by his paralegal to opposing-counsel and the client's daughter regarding mediation-related negotiations involving the foreclosure of the family's residence) and the time expended (on average, slightly less than four minutes per email) were reasonable.

Based on my review of the challenged billing entries and my familiarity with this proceeding (having conducted a judicial settlement conference, two evidentiary hearings, and a telephonic hearing over the course of a year), I conclude that the challenged entries provide sufficient detail to permit a fair evaluation of the lodestar amount of hours claimed by Haynes. *See O'Neill-Cancel*, 524 F.3d at 340 (stating that, in reviewing attorneys' time records, "the district court's discretion in separating wheat from chaff is quite broad."). Viewed in total, the billing records do not reflect instances of redundant services or excessive billing that would justify a discount of the lodestar amount.

For the foregoing reasons, it is **ORDERED** that Carrington Mortgage Services, LLC, pay to Roxanne Gionest Haynes her reasonable attorney's fees and expenses in the amount of $22,659.20 within thirty days of the date of this Order, for services rendered by Attorney Joseph L. Goodman between March 9, 2018, and February 6, 2019, in connection with the judicial settlement conference and related proceedings.

**SO ORDERED.**

**Dated this 26th day of March, 2019.**

                                                  **/s/ JON D. LEVY**
                                        **CHIEF U.S. DISTRICT JUDGE**