UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:16-cv-00534-NT |
| | ) |
| ROXANE M. GIONEST, | ) |
| | ) |
| Defendant | ) |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, (hereinafter "Plaintiff"), by and through its attorney, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, it intends to establish the general issues of foreclosure at trial.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A § 6111 was made upon the Defendant by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 a.2d 1123 (Me. 1984) and Beneficial Maine Inc. v. Carter, 2011 ME 77 (2011).

The facts to be establish at trial relate to the execution of the note and mortgage, assignments of mortgage to Plaintiff, endorsement of the Note to Plaintiff in accordance with 11

M.R.S.A §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, <u>Chase v. Higgins</u>, 2009 ME 136 (2009); <u>H.S.B.C. Bank, as Trustee v. Gabay</u>, 2011 ME 101 (2011); <u>Deutsche Bank Nat'l Trust Co. v. Ruggianai</u>, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); <u>Wells Fargo Bank v. deBree</u>, 2012 ME 34 (2012); <u>Beneficial Maine v. Carter</u>, 2011 ME 77 (2011) and <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

* "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgage premises, including the street, if any, *see* P.L. 2009, ch. 402, §§ 9,17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

* properly presented proof of ownership of the mortgage note and the mortgage, including all assignments of mortgage and endorsements of the note;

* a breach in the condition in the mortgage, <u>Johnson v. McNeil</u>, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

* the amount due on the mortgage note, including any reasonable attorney fees and court costs, <u>Johnson</u>, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111 (1-A);

* the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, <u>Johnson</u>, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

* evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. §6111;

* evidence that the Defendant is not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521; M.R. Civ. P. 55(b)(4). <u>Chase v. Higgins</u>, 2009 ME 136 (2009)

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See* <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted [ . . . ] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (*defining Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. *See* 11 M.R.S. § 3-1101, et seq.; <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic

evidence of authority in order to be admitted . . . a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law . . . " Fed. R. Evid. 902(4).

As certified copies of public records, the Mortgage and assignments are self-authenticating documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and assignments of Mortgage are admissible pursuant to Fed. R. Evid. 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground.

Therefore, Plaintiff is entitled to Judgment of Foreclosure and Sale of the subject property.

The Plaintiff anticipates calling the following witnesses at trial:

WITNESSES:

1. A corporate representative of Carrington Mortgage Services, LLC, as Plaintiff, servicer, and holder of the subject Note and Mortgage on behalf of Carrington Mortgage Services, LLC
2. A corporate representative of Bank of America, N.A., as Plaintiff, servicer.
3. John Doonan, Esq. or Reneau Longoria, Esq. of Doonan, Graves & Longoria, LLC, as Plaintiff's prior counsel.
4. Roxane Gionest, Defendant

EXHIBITS:

1. Promissory Note in the amount of $181,632, executed by Roxane M. Gionest, on November 7, 2008, for the benefit of Taylor, Bean & Whitaker Mortgage Corp.

2. Mortgage securing the residence located at 27 Milliken Road, Scarborough, Maine, executed by Roxane M. Gionest, on November 7, 2008, for the benefit of Taylor, Bean & Whitaker Mortgage Corp., recorded in the Cumberland County Registry of Deeds in Book 26457 at Page 106.

3. Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, recorded September 6, 2011 in Book 28938 at Page 266.

4. Assignment of Mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP to Carrington Mortgage Services, LLC, recorded July 21, 2015 in Book 32444 at Page 231, and applicable Power of attorney.

5. Assignment of Mortgage from Taylor, Bean & Whitaker Mortgage Corp. to Carrington Mortgage Services, LLC, recorded July 1, 2016 in Book 33244 at Page 68, and applicable Power of Attorney.

6. Loan Modification Agreement between Roxane Gionest and Bank of America, N.A., dated January 5, 2012.

7. Notice of Mortgagor's Right to Cure to Roxane M. Gionest, dated July 22, 2016.

8. Loan Transaction History of the subject mortgage.

9. Military Status Report pursuant to the Servicemember Civil Relief Act demonstrating that Defendant is not in military service.

                 Respectfully Submitted,
                 Carrington Mortgage
                 Services, LLC
                 By its attorneys,

Dated: April 23, 2019

                /s/ John Michael Ney, Jr., Esq.
                _____
                John Michael Ney, Jr., Esq., #9421
                Brock and Scott, PLLC
                1080 Main Street, Suite 200
                Pawtucket, RI 02860
                (401) 217-8701

## CERTIFICATE OF SERVICE

  I, John Michael Ney, Jr., Esq., hereby certify that on April 23, 2019, I served a copy of the above document by electronic ECF mailing of a true copy of the same, to the following:

Joseph L. Goodman, Esq.
Goodman Law Firm, P.A.
1 Dana Street, 4th Floor
P.O. Box 7523
Portland, ME 04112
joe@goodmanlawfirm.com

                /s/ John Michael Ney, Jr., Esq.
                _____
                John Michael Ney, Jr., Esq., #9421
                Brock and Scott, PLLC
                1080 Main Street, Suite 200
                Pawtucket, RI 02860
                (401) 217-8701