# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00534-NT |
| | ) | |
| ROXANE M. GIONEST | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S TRIAL BRIEF

This action arises out of Plaintiff Carrington Mortgage Services LLC's ("*Plaintiff*") claims that Defendant Roxane M. Gionest ("*Defendant*") defaulted on her loan obligations related to a loan with an original principal balance of $181,632.00 (the "*Loan*") which was originated in November of 2008, and which loan was secured by a mortgage that encumbered property known as 27 Milliken Road, Scarborough, Maine (the "*Property*"). As a result of Defendant's default, Plaintiff has suffered damages and seeks an entry of judgment in its favor on all five counts of the Complaint.

### ISSUES TO BE PRESENTED AT TRIAL

There are essentially three issues for this Court to consider at the time of trial. First, whether Defendant defaulted on the Loan. Second, whether Plaintiff is entitled to an entry of judgment in its favor on all five counts of the Complaint as a result of Defendant's default. And third, whether Defendant has any valid defenses to Plaintiff's claim of default and its requests for relief.

### PLAINTIFF'S RIGHT TO ENTRY OF JUDGMENT

Plaintiff is entitled to an entry of judgment in its favor because its evidence at trial will

satisfy each of the elements of a foreclosure, as mandated by the Law Court in *Chase Home Finance LLC v. Higgins*, 985 A.2d 508 (Me. 2009). Those elements are as follows:

- the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* 14 M.R.S. §§ 2401(3), 6321.

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage, M.R. Civ. P. 56(j); 14 M.R.S. § 6321.

- a breach of condition in the mortgage, *Johnson v. McNeil,* 800 A.2d 702, 705 (Me. 2002); *see* 14 M.R.S. § 6322.

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, *Johnson,* 800 A.2d at 705; *see* 14 M.R.S. § 6322; 14 M.R.S. § 6111(1-A).

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, *Johnson,* 800 A.2d at 705; *see* 14 M.R.S. § 6322.

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, M.R. Civ. P. 56(j); *see* 14 M.R.S. § 6111.

- after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules, M.R. Civ. P. 56(j); *see* M.R. Civ. P. 93; *see* 14 M.R.S. § 6321-A.

*Higgins*, 985 A.2d at 510-511.

Plaintiff's evidence will satisfy the Law Court's concerns as set forth in *Bank of America v. Greenleaf*, 96 A.3d 700 (Me. 2014), with respect to Plaintiff's requisite interest in the mortgage. In *Greenleaf,* the Law Court held only that standing was not adequately proven by assignments originating from Mortgage Electronic Registrations Systems. *Id*. at 707. The Law Court expressly left open that standing could be proven by other means, such as an "independent assignment of the mortgage from" its owner with the right to enforce it to the foreclosing plaintiff. *Id*. at 707-08.

Lastly, Plaintiff will satisfy the Law Court's concerns with respect to the reliability of the current and prior servicer business records, as discussed more recently in *KeyBank National Association v. Estate of Quint*, 176 A.3d 717 (Me. 2017). Unlike the case of *Estate of Quint,* where the present servicer of the loan attempted to substantiate the amount due with reference to prior servicer records that were incorporated into their own, here, testimony showing the reliability of the prior servicer records will be proven through an employee of the prior servicer, Bank of America, N.A.

This Court will find that Plaintiff is also entitled to an entry of judgment in its favor on the remaining four counts of the Complaint because its evidence will satisfy each of the elements of Plaintiff's claims for: Breach of Note (Count II); Breach of Contract, Money Had and Received (Count III), Quantum Meruit (Count IV); and Unjust Enrichment (Count V).

In her Answer dated July 31, 2018, Defendant asserted seven Affirmative Defenses: first, that Plaintiff's complaint fails to state a claim upon which relief may be granted; second, that Plaintiff's complaint is barred by laches, estoppel, and res judicata; third, that Plaintiff's complaint is outside of the Statute of Limitations; fourth, that Plaintiff lacks standing; fifth, that Plaintiff has given improper and inadequate notice to Defendant; sixth, that Plaintiff has failed to act in good faith in its deadlines with Defendant and the Court; and seventh, that Defendant asserts "all affirmative defenses that apply to this case." As to the first six affirmative defenses, this Court will find at trial that there is no basis – in law and/or in fact – to support Defendant's assertions. And, as to Defendant's seventh affirmative defense, Plaintiff argues that it does not comply with F.R. Civ. P. 8(b)(1)(A) in that it does not state "in short and plain terms" Defendant's defense to each claim asserted against her.

Otherwise, Defendant's approach in this case appears to be simply to make sure that

Plaintiff has met its burden. And, Plaintiff will do just that. Defendant does not appear to intend to introduce any evidence to contest: (1) the existence of the loan as evidenced by the Note and Mortgage; (2) Plaintiff's standing and right to foreclose as holder of the Note and assignee of the Mortgage; (3) Defendant's default related to the Note and Mortgage; (4) Plaintiff's compliance with 14 M.R.S. § 6111; (5) Defendant's receipt of the Notice of Default; (6) Defendant's failure to make any effort to cure the default; or (7) Plaintiff's claim with respect to the total amount due from Defendant. The consequence of choosing to defend the action in this manner is that, should Plaintiff meet its *prima facie* case—as Plaintiff will here—Defendant loses.

Dated: May 29, 2019                                         Respectfully submitted,

By  /s/ Elizabeth M. Lacombe
    Elizabeth M. Lacombe
    **DUANE MORRIS LLP**
    100 Pearl Street, Suite 1415
    Hartford, CT 06103
    Phone (215) 979-1577
    Email: emlacombe@duanemorris.com

    and

    Brett L. Messinger
    **DUANE MORRIS LLP**
    30 South 17th Street
    Philadelphia, PA 19103
    Phone (215) 979-1508
    Email: blmessinger@duanemorris.com

    ***Attorneys for Carrington Mortgage Services LLC***