# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00534-NT |
| | ) | |
| | ) | |
| ROXANE M. GIONEST | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO AMEND PLAINTIFF'S WITNESS LIST

Plaintiff Carrington Mortgage Services LLC ("*Plaintiff*"), by and through its undersigned counsel, moves for an order permitting it to amend its Witness List filed May 31, 2019, as follows:

1. This matter was originally scheduled for trial on June 25, 2019.

2. On June 18, 2019, Defendant Roxane M. Gionest ("*Defendant*") filed for an emergency continuance related to Defendant's counsel's health and the need for a medical procedure that would leave counsel unavailable to attend trial and in need of time to rest and recover.

3. Plaintiff and its counsel immediately consented to this continuance request.

4. This Court granted Defendant's Motion to Continue and thereafter re-scheduled this matter for trial on September 24, 2019.

5. In attempting to secure witnesses for the new trial date, Plaintiff's counsel was advised by Bank of America that it needed to change its witness designation due to the re-scheduled trial date.

6. On July 15, 2019 – more than two months prior to the new trial date – undersigned counsel reached out to Defendant's counsel via email for his consent to this motion,

with the hopes that he would have had enough time to recover from his medical procedure that he would be able to communicate with Plaintiff's counsel with respect to this request. Undersigned counsel also included Defendant's counsel's assistant in that email communication.

7. Undersigned counsel was reluctant to file any motions with this Court during a timeframe that Defendant's counsel might have been unable to respond, as it did not want to appear as though it was taking advantage of Defendant's counsel's absence due to his medical condition.

8. Hearing nothing in response to the July 15, 2019 email, undersigned counsel called Defendant's counsel's office on August 1, 2019 and spoke with his assistant, who indicated that Defendant's counsel was coming into the office for a couple hours each day and that she would speak with him regarding the request for consent.

9. Hearing nothing again, undersigned counsel emailed Defendant's counsel again on August 22, 2019, indicating that due to the passage of time and the approaching trial date, the motion would be filed in short order in an effort to preserve Plaintiff's rights.

10. On August 23, 2019, Defendant's counsel responded via email, indicating his opposition to Plaintiff's motion and accusing undersigned counsel of intentionally delaying letting Defendant know who Carrington ultimately intended to call as a witness – an accusation which was both patently false and without merit.

11. Defendant has attempted to place Plaintiff in a no win predicament, in that:

    a. if Plaintiff had immediately sought leave to amend its witness list while it believed that Defendant's counsel was unavailable to respond to the motion, then it would have been accused of prejudicing Defendant's ability to take action in her counsel's absence; but

      b.    by taking efforts to communicate with Defendant's counsel in advance of filing this motion, and placing Defendant's counsel on notice of this issue more than two months in advance of trial, Plaintiff is being accused of intentionally delaying disclosure of its witnesses.

12.    Plaintiff was only placed in the current predicament because the trial date was continued as a result of an emergent need by Defendant's counsel. Were it not for the emergency continuance, trial would have proceeded on June 25, 2019 with all previously identified witnesses. Bank of America's witness is only being called as a records custodian; and counsel for Plaintiff has limited control on who Bank of America would send as a witness, it being a non-party to this litigation.

13.    Rule 1(a) of the Maine Federal District Local Rules (the "***Local Rules***") states that "[t]he Court may relax these rules in exceptional circumstances when justice so requires."

14.    Rule 16.4(f) of the Local Rules also provides that "[t]he Court may provide for a special pretrial procedure in any case when special circumstances warrant."

15.    And, F.R. Civ. P. 16(e) provides that the Court may "modify the order issued after a final pretrial conference only to prevent manifest injustice."

16.    Here, exceptional circumstances exist to permit Plaintiff to amend its witness list due to unforeseen circumstances which were both unanticipated and entirely outside of its control.

17.    Defendant would not be prejudiced by this request.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion to permit it to amend its Witness List with respect to its witness designation for Bank of America, N.A.

Dated: August 27, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By　/s/ Elizabeth M. Lacombe
　　　　　　　　　　　　　　　　　　Elizabeth M. Lacombe
　　　　　　　　　　　　　　　　　　**DUANE MORRIS LLP**
　　　　　　　　　　　　　　　　　　100 Pearl Street, Suite 1415
　　　　　　　　　　　　　　　　　　Hartford, CT 06103
　　　　　　　　　　　　　　　　　　Phone (215) 979-1577
　　　　　　　　　　　　　　　　　　Email: emlacombe@duanemorris.com

　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　Brett L. Messinger
　　　　　　　　　　　　　　　　　　**DUANE MORRIS LLP**
　　　　　　　　　　　　　　　　　　30 South 17th Street
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　Phone (215) 979-1508
　　　　　　　　　　　　　　　　　　Email: blmessinger@duanemorris.com

　　　　　　　　　　　　　　　　　　***Attorneys for Carrington Mortgage Services LLC***

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ROXANE M. GIONEST )<br>)<br>Defendant. ) | No. 2:16-cv-00534-NT |

## CERTIFICATE OF SERVICE

I, Elizabeth M. Lacombe, hereby certify that a copy of foregoing was filed electronically through the ECF system and will be sent electronically to any registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on August 27, 2019.

Dated: August 27, 2019          By:    /s/ Elizabeth M. Lacombe
                                       Elizabeth M. Lacombe
                                       **DUANE MORRIS LLP**
                                       100 Pearl Street, Suite 1415
                                       Hartford, CT 06103
                                       Phone (215) 979-1577
                                       Email: emlacombe@duanemorris.com

5